a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BOBBY RAY REED #105864,<br>Petitioner | CIVIL DOCKET NO. 5:24-CV-00021<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MICHELE DAUZAT,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition filed by Bobby Ray Reed ("Reed"), who is proceeding pro se. Reed first submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, then filed an Amended Petition alleging that his claim arises under 28 U.S.C. § 1333(1), the "savings to suitors" clause. ECF Nos. 1, 4.

Because the Court lacks jurisdiction, the Petition (ECF Nos. 1, 4) should be DISMISSED.

I.  Background

Reed is an inmate at the David Wade Correctional Center in Homer, Louisiana. ECF No. 1 at 1. In 1983, he was convicted of first degree murder and sentenced to life imprisonment in the First Judicial District Court, Caddo Parish. *See State v. Reed*, 448 So. 2d 794, 796 (La. App. 2 Cir. 3/26/84), *writ denied*, 452 So. 2d 696 (La. 1984).

In his original Petition, Reed claims that his continued detention is unlawful under 18 U.S.C. § 242. ECF No. 1 at 2. Reed alleges that he was not "duly convicted

1

to become a slave for punishment for a crime." *Id.* He asserts "immunity" under the Fourth Amendment and claims he was convicted without due process of law. ECF No. 1 at 10. Reed alleges that the State of Louisiana and First Judicial District Court lack jurisdiction over him. *Id.* at 11. Reed claims the Warden is holding him in violation of his constitutional rights. *Id.*

Reed filed a subsequent document amending his § 2241 Petition to one under § 1333. Reed asserts that his claim is an "in personam admiralty claim." ECF No. 7.

## II. Law and Analysis

### A. Reed's Petition is subject to screening.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen and dismiss any action filed by a prisoner that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A.

### B. Reed's Petition is second and successive.

Reed previously filed a Petition for Writ of Habeas Corpus Rule under § 2241 challenging his conviction and sentence. The Court construed the Petition under § 2254 and dismissed it on the merits as time-barred. *Reed v. Godwin*, 5:16-CV-564 (W.D. La.), ECF Nos. 2, 4.

Because Reed previously filed a habeas Petition that was adjudicated on the merits, and he raises a claim that could have been raised in the earlier Petition, Reed's current Petition (ECF No. 1) is second or successive. *See In re: Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Until such time as Reed obtains authorization from the Fifth

Circuit, this Court is without subject matter jurisdiction over Reed's habeas claim. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

### C. Reed does not present a viable claim under § 1333(1).

In his Amended Petition, Reed expresses his intent to proceed under § 1333(1), which grants district courts original jurisdiction over all civil cases of admiralty or maritime jurisdiction. *See* 28 U.S.C. § 1333(1). The Court cannot discern any possible claim against Defendant Warden Dauzat over which this Court could exercise its admiralty and maritime jurisdiction. Reed cannot circumvent the requirements of 28 U.S.C. § 2244 by recharacterizing his claim under § 1333.

### III. Conclusion

Because the Court lacks jurisdiction over Reed's Petition, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 7) be DISMISSED, WITH PREJUDICE as to the jurisdictional issue, but WITHOUT PREJUDICE as to the merits.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed without prejudice regarding all other issues."); *Reed v. Young*, 471 F. App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, May 14, 2024.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE